## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,   :
         Plaintiff        :    CIVIL ACTION NO. 3:14-CV-2156
                      :    (Judge Nealon)
        v.             :
                      :
GINA P. TARBERT,         :
         Defendant     :

## MEMORANDUM

On November 10, 2014, Plaintiff, the United States of America, filed a complaint against Defendant, Gina P. Tarbert, alleging Defendant's default on a promissory note and real estate mortgage. (Doc. 1). On November 18, 2015, Plaintiff filed a motion for summary judgment. (Doc. 21). Plaintiff seeks judgment as a matter of law on its mortgage foreclosure claim. (Id.). Defendant has not filed a response to Plaintiff's motion, and the deadline for such a filing has expired. See M.D. Pa. L.R. 7.6. Plaintiff's motion is ripe for disposition and for the reasons set forth below it will be deemed unopposed and granted.

## I.    STATEMENT OF MATERIAL FACTS

"A motion for summary judgment filed pursuant to FED. R. CIV. P. 56 shall be accompanied by a separate, short and concise statement of the material facts . . . as to which the moving party contends there is no genuine issue to be tried." See M.D. Pa. L.R. 56.1. "The opposing party shall file a separate statement of the

material facts as to which it is contended that there exists a genuine issue to be

tried." West v. Varano, 2015 U.S. Dist. LEXIS 56574, at *3 (M.D. Pa. April 30,

2015) (Jones, J.) (citing M.D. Pa. L.R. 56.1). "All material facts set forth in the

statement required to be served by the moving party will be deemed to be admitted

unless controverted by the statement required to be served by the opposing party"

M.D. Pa. L.R. 56.1.  Defendant has not filed an opposition to Plaintiff's motion.

Because Defendant failed to oppose Plaintiff's affidavit in support, all facts

contained therein are deemed admitted.  Id.

Based on the foregoing, the facts relevant to the instant motion for summary

judgment are set forth in Plaintiff's statement of material facts, (Doc. 23), and

supporting exhibits, (Docs. 24, 26), as follows:

On March 24, 1995, Defendant obtained a loan in the original principal

balance of $78,000.00 from Plaintiff, acting through the Rural Housing Service,

United States Department of Agriculture, pursuant to Title V of the Housing Act

of 1949.  (Doc. 23, p. 1); (Doc. 24, pp. 5-7).  On that same date, Defendant made,

executed, and delivered a mortgage upon the premises at 3143 Bornt Drive, Dover,

Pennsylvania 17315, to Plaintiff.  (Doc. 23, p. 1); (Doc. 24, pp. 8-12).  The

mortgage was given as security for payment of the loan.  (Id.).  The mortgage is

held by Plaintiff and has not been assigned.  (Doc. 23, p. 2).  Also on March 24,

1995, Defendant executed a subsidy repayment agreement.  (Doc. 23, p. 2); (Doc. 24, pp. 13-16).  On June 24, 1999, the promissory note was re-amortized in the amount of $81,763.63.  (Doc. 23, p. 2); (Doc. 24, pp. 17-18).  On October 24, 2011, the promissory note was re-amortized in the amount of $77,751.73.  (Doc. 23, p. 2); (Doc. 24, pp. 19-20).

Monthly payments of principal and interest due March 24, 2014, and each month thereafter are due and unpaid.  (Doc. 23, p. 2); (Doc. 24, pp. 21-62); (Doc. 26, pp. 1-46).  As a result, on April 3, 2014, Defendant's loan was accelerated.  (Doc. 23, p. 3); (Doc. 24, pp. 21-26).  On that same date, Plaintiff sent a "Notice of Acceleration of Your Mortgage Loan(s); Demand for Payment of that Debt; Notice of Right to Cure Your Delinquency; Notice of Intent to Foreclose and Notice of Your Opportunity to Have a Hearing Concerning this Action" by certified mail to Defendant at her last known address.  (Id.).

From November 29, 2012, through December 24, 2014, Plaintiff received funds through the Treasury Offset Program under 31 U.S.C. § 3716, from social security benefit payments to Defendant.  (Doc. 23, p. 2); (Doc. 24, pp. 3, 48-55); (Doc. 26, pp. 30, 33, 37-44).  These funds have been applied to Defendant's account.  (Id.).

Under the mortgage, Defendant owes the following amounts: $75,018.38 for

3

the principal balance; $17,955.00 for the interest that has accrued from April 24, 2012, to April 21, 2015; $3,785.12 for attorney fees; $61,536.83 for interest recapture; $411.81 for late charges; $555.34 for fees required with payoff funds; and $6,451.18 for fees currently assess. (Doc. 23, p. 3); (Doc. 24, pp. 3, 5-62); (Doc. 26, pp. 1-46). The total amount due and owing is $165,713.66. (Id.).

## II.   STANDARD OF REVIEW

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Turner v. Schering-Plough Corp., 901 F.2d 335, 340 (3d Cir. 1990). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original); Brown v. Grabowski, 922 F.2d 1097, 1111 (3d Cir. 1990). "A disputed fact is 'material' if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law." West, 2015 U.S. Dist. LEXIS 56574, at *3 (citing Anderson, 477 U.S. at 247-48; Brown, 922 F.2d at 1111; Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992)). "An

4

issue of material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." West, 2015 U.S. Dist. LEXIS 56574, at *3 (citing Anderson, 477 U.S. at 257; Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am., 927 F.2d 1283, 1287-88 (3d Cir. 1991)).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "The moving party may meet this burden by 'pointing out to the district court [] that there is an absence of evidence to support the nonmoving party's case when the nonmoving party bears the ultimate burden of proof.'" United States v. Werner, 2015 U.S. Dist. LEXIS 28290, at *9 (M.D. Pa. Mar. 9, 2015) (Conaboy, J.) (quoting Celotex, 477 U.S. at 330) (alteration in original). Once this showing has been made, the non-moving party must offer specific facts contradicting those averred by the movant to establish a genuine issue of material fact. Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990). Specifically, the non-moving party "must go beyond the pleadings with affidavits, depositions, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue." West, 2015 U.S. Dist. LEXIS 56574, at *3 (citing FED. R. CIV. P. 56; Celotex, 477 U.S. at 324; Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 586 (1986); Wooler v. Citizens Bank,

274 F. App'x 177, 179 (3d Cir. 2008)).  The non-moving party:

> must produce evidence to show the existence of every element
> essential to its case, which it bears the burden of proving at
> trial, because "a complete failure of proof concerning an
> essential element of the nonmoving party's case necessarily
> renders all other facts immaterial."

West, 2015 U.S. Dist. LEXIS 56574, at *3-4 (quoting Celotex, 477 U.S. at 323).

All inferences "should be drawn in the light most favorable to the

nonmoving party, and where the nonmoving party's evidence contradicts the

movant's, then the non-movant's must be taken as true." Pastore v. Bell Tel. Co.,

24 F.3d 508, 512 (3d Cir. 1994) (quoting Big Apple BMW, Inc. v. BMW of North

Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992), cert. denied, 507 U.S. 912 (1993).

As noted above, Defendant failed to file a response to Plaintiff's motion.

Pursuant to Local Rule 7.6 of the United States District Court for the Middle

District of Pennsylvania Rules of Court, Defendant is deemed not to oppose

Plaintiff's motion.  See M.D. Pa. L.R. 7.6.  Pursuant to Local Rule 56.1, all

material facts set out in the moving party's statement of facts are deemed admitted

because Defendant has not controverted any of the numbered paragraphs in

Plaintiff's affidavit in support of the motion for summary judgment.  Werner, 2015

U.S. Dist. LEXIS 28290, at *10; see M.D. Pa. L.R. 56.1.  Consequently,

Defendant is deemed to admit all facts set out in Plaintiff's affidavit.  Werner,

2015 U.S. Dist. LEXIS 28290, at *10; <u>see</u> M.D. Pa. L.R. 56.1; <u>see</u> <u>also</u> FED. R.

CIV. P. 56(e)(2).  Furthermore, Federal Rule of Civil Procedure 56

> also provides that when a party fails to properly address
> another party's assertion of fact, the court may "grant summary
> judgment if the motion and supporting materials–including
> facts considered undisputed–show that the movant is entitled to
> it."

<u>Werner</u>, 2015 U.S. Dist. LEXIS 28290, at *10 (quoting FED. R. CIV. P. 56(e)(3)).

"Thus, in addition to a finding that a party failed to respond under the local rule,

'there must be a congruent finding that judgment for the moving party is

appropriate as a matter of law.'" <u>Id.</u> (quoting <u>Lorenzo v. Griffith</u>, 12 F.3d 23, 28

(3d Cir. 1993)).

## III.   <u>DISCUSSION</u>

Plaintiff argues that it is entitled to summary judgment because the "default

on this loan is fully documented and essentially undisputed." (Doc. 22, p. 3).

Plaintiff also states that "Defendant has failed to show the existence of any

material fact in dispute, or to adequately challenge Plaintiff's right to judgment as

a matter of law." (<u>Id.</u> at p. 9).

"'In a mortgage foreclosure action, the plaintiff must show the existence of

an obligation secured by a mortgage, and a default of that obligation.'" <u>Werner</u>,

2015 U.S. Dist. LEXIS 28290, at *11 (quoting <u>Chemical Bank v. Dippolito</u>, 897 F.

Supp. 221, 224 (E.D. Pa. 1995)). "'The entry of summary judgment is proper if the mortgagors admit that the mortgage is in default, that they have failed to pay interest on the obligation, and that the recorded mortgage is in the specified amount.'" Wilson v. Parisi, 549 F. Supp. 2d 637, 655 (M.D. Pa. 2008) (quoting Landau v. W. Pa. Nat'l Bank, 445 Pa. 217 (Pa. 1971)); see Werner, 2015 U.S. Dist. LEXIS 28290, at *11 (quoting Wilson, 549 F. Supp. 2d at 655).

Plaintiff has provided evidence that on March 24, 1995, Defendant made, executed and delivered a mortgage upon the premises of 3143 Bornt Drive, Dover, Pennsylvania 17315, which was given as security for payment of a promissory note dated March 24, 1995, in the amount of $78,000.00. (Doc. 23, p. 1); (Doc. 24, pp. 1-2, 5-12). Plaintiff also established that on March 24, 1995, Defendant executed a subsidy repayment agreement. (Doc. 23, p. 2); (Doc. 24, pp. 13-16). Plaintiff has also shown that the mortgage is held by Plaintiff and has not been assigned. (Doc. 23, p. 2). Plaintiff has also provided evidence that on June 24, 1999, the promissory note was re-amortized in the amount of $81,763.63, and on October 24, 2011, the promissory note was re-amortized again in the amount of $77,751.73. (Id.); (Doc. 24, pp. 17-20). Plaintiff has also established that Defendant is in default of her obligation by failing to make payments when due, and that Defendant has not cured the default at this time. (Doc. 23, pp. 2-3); (Doc.

8

24, pp. 2, 21-56).

In her answer to the complaint, Defendant admits to the following: (1) on or about March 24, 1995, Plaintiff loaned Defendant $78,000.00 pursuant to the 42 U.S.C. 1471, et seq.; (2) on that same date, Defendant executed and acknowledged to Plaintiff a real estate mortgage for the purpose of securing Plaintiff against loss, which granted, conveyed, and mortgaged the real property described therein; (3) the mortgage was recorded on March 29, 1995, with the Office of the Recorder of Deeds, York County, Pennsylvania, in Book 1075, Page 76; (4) the property secured by the mortgage is known as 3143 Bornt Drive, Dover, Pennsylvania 17315; and (5) Defendant received by certified mail the Notice of Intention to Foreclose. (Doc. 3, pp. 1-2).

Additionally, Defendant also advanced an affirmative defense in her answer. (Id. at p. 3). Specifically, Defendant asserts that Plaintiff should not be able to foreclose on the property at issue because it waived such an action by accepting partial mortgage payments. (Id.). According to Defendant, "[s]ince November, 2013, Plaintiff has been attaching $186.00 from Defendant's social security benefits monthly to pay towards Defendant's mortgage." (Id.). Defendant alleged that she "believes that Plaintiff has recouped from her social security benefits over $4836.00 dollars in the aggregate as of the filing of this answer which has not

9

been credited to any amount she may owe Plaintiff." (Doc. 3, p. 3). Thus, Defendant avers that "Plaintiff's actions of receiving partial payments from November, 2012 to the filing of Defendant's answer constitute a waiver of the instant foreclosure action against Defendant." (Id.).

Outside of her answer, Defendant has failed to advance this affirmative defense and has not submitted any evidence that would create a genuine issue of material fact regarding the default of her obligation. "Mere assertions set out in a pleading are insufficient to defeat summary judgment." Werner, 2015 U.S. Dist. LEXIS 28290, at *13 (citing Bhatla v. U.S. Capital Corp., 990 F.2d 780, 787 (3d Cir. 1993)). Rather, "[t]o defeat summary judgment, [Defendant] 'cannot rest simply on the allegations in the pleadings,' but 'must rely on affidavits, depositions, answers to interrogatories, or admissions on file.'" GFL Advantage Fund, Ltd. v. Colkitt, 272 F.3d 189, 199 (3d Cir. 2001) (quoting Bhatla, 990 F.2d at 787); United States v. Klinger, 2015 U.S. Dist. LEXIS 22037, at *10 (M.D. Pa. Feb. 24, 2015) (Caputo, J.) (quoting GFL Advantage, 272 F.3d at 199).

While the Defendant has failed to set forth any evidence in support of her defense, as discussed above, Plaintiff confirms that it "has received moneys through the treasury offset program under 31 U.S.C. § 3716 from social security benefit payments to Defendant beginning in November 2012, which have been

applied to her account." (Doc. 23, p. 2).  According to Plaintiff, "[a]s indicated in

the payment history the moneys received from November 29, 2[0]12 through

March 27, 2014 were applied to the monthly installments for February, March and

April 2012." (Doc. 22, p. 8).  "Thereafter," Plaintiff states, "the moneys received

from April 24, 2014 through December 24, 2014 were applied directly to

principal." (Id.).  Evidence of Plaintiff's receipt of these funds can be found in

Defendant's payment history, which is attached as an exhibit to Plaintiff's instant

motion.  See (Doc. 23, pp. 48-55); (Doc. 26, pp. 37-44).

     While Plaintiff acknowledges its receipt and acceptance of the Treasury

Offset Program funds, it argues that its acceptance of those funds did not result in

a waiver of the instant foreclosure action. (Doc. 22, pp. 7-8).  Specifically,

Plaintiff states that "[p]ursuant to 31 U.S.C. § 3716(a) the United States

Department of Agriculture, Rural Housing Service, has the right to collect by

administrative offset its claim." (Id. at p. 8).  Additionally, Plaintiff contends that

"[p]ayments due to an individual under the Social Security Act are subject to

offset." (Id.) (citing 31 U.S.C. § 3716(c)(3)(A)(i)(I)).  According to Plaintiff

> [t]here is nothing in the Debt Collection Improvement Act, 31
> U.S.C. § 3701, which provides that the utilization of
> administrative offsets, commonly known as the 'treasury offset
> program', to recover on a claim of the United States
> Government prevents, restricts or bars any legal or other

> actions by the governmental agency to collect its debt or
> foreclosure on its security.

(Doc. 22, p. 8). Instead, Plaintiff argues that "the regulations promulgated there

under specifically provide that this is not the case." (Id.) (citing 31 C.F.R. §

285.5(a)(3)).[1]

In United States v. Hamilton, 2013 U.S. Dist. LEXIS 149446 (D.V.I. 2013),

the defendants "raised as an affirmative defense that the administrative offsets

applied to their loan from the [Treasury Offset Program], as well as payments in

2009, which were returned, precluded Plaintiff from foreclosing on the Property."

Hamilton, 2013 U.S. Dist. LEXIS 149446, at *22 n.4.  The district court

concluded that "the [Treasury Offset Program] payments and the other partial

payments, made after [the defendants] had defaulted on their loan, did not cure

their default or reinstate their Mortgage so as to defeat summary judgment." Id.

(citing United States v. Asken, 2002 U.S. Dist. LEXIS 22264, at *11 (E.D. Pa.

2002) (stating "widely accepted" view that partial payment of a defaulted

mortgage will not cure the default.)).

---

[1] 31 C.F.R. § 285.5(a)(3) states: "The receipt of collections pursuant to this section does not preclude a Federal agency from pursuing other debt collection remedies in conjunction with centralized offset.  Nothing in this section precludes an agency from pursuing all available debt collection remedies simultaneously, provided that collections do not exceed the amount of the debt, including any interest, penalties, and administrative costs."

As in <u>Hamilton</u>, the payments received from the Treasury Offset Program in the above-captioned action did not cure Defendant's default or reinstate the mortgage.  (Doc. 23, pp. 2-3); (Doc. 24, pp. 2-3, 27-62); (Doc. 26, pp. 33-44). Rather, as stated, the mortgage is in default because monthly payments from March 24, 2014, and each month thereafter are due and unpaid.  (Doc. 23, p. 2). Therefore, the undisputed facts show that Plaintiff is entitled to summary judgment because Plaintiff gave the mortgage as security for the payment of a promissory note in the amount of $78,000.00, which was re-amortized on two occasions, and Defendant has defaulted on her repayment obligation.  <u>See</u> (Doc. 23, pp. 2-3); (Doc. 24, pp. 2, 21-56).

IV.   **CONCLUSION**

For the reasons discussed above, Plaintiff's motion for summary judgment, (Doc. 21), will be granted.  Judgment will be entered in favor of Plaintiff and against Defendant.

A separate Order will be filed.

Date: January 22, 2016                           /s/ William J. Nealon
                                                 **United States District Judge**