UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:14-CV-2156 |
| | : | (Judge Nealon) |
| v. | : | |
| | : | |
| GINA P. TARBERT, | : | |
| Defendant | : | |

## ORDER

**AND NOW, THIS 22ND DAY OF JANUARY, 2016,** in accordance with the Memorandum issued on this date, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's motion for summary judgment, (Doc. 21), is **GRANTED**. Judgment is entered in favor of Plaintiff and against Defendant in the amount of $165,713.66, plus interest at the rate of $16.44424 per day from April 21, 2015, until the date of judgment, and thereafter, with interest thereon pursuant to 28 U.S.C. § 1961, together with costs for service by the U.S. Marshal.

2. The promissory note and mortgage between Plaintiff and Defendant are foreclosed as to the real property described therein. In accordance with Section 204(l) of the National Housing Act, there is no right of redemption in the mortgagor or any other person.

3. That the real property described therein located at 3143 Bornt Drive, Dover, Pennsylvania 17315, be sold according to the following:

    (a) The United States Marshal for the Middle District of Pennsylvania is directed to sell the real property specified in the mortgage between Plaintiff and Defendant for cash to the highest bidder at a public, judicial sale pursuant to Title 28 U.S.C. Section 2001 within 180 days of this Order. Notice must be given, in accordance with 28 U.S.C. Section 2002, once a week for four (4) consecutive weeks prior to the sale in

        one (1) newspaper regularly issued and of general circulation in the county and judicial district where the real estate is situated; Plaintiff may advertise a short description of the property rather than a complete legal description.

(b)     Ten percent (10%) of the highest bid must be deposited in certified check or cashier's check with the United States Marshal by the bidder immediately upon the property being struck down to the bidder. The balance of the purchase money must be paid in certified or cashier's check by the highest bidder to the Marshal within ten (10) days after the sale is confirmed by the Court, without demand for the same being made by the Marshal. It is the highest bidder's responsibility to ascertain the date of confirmation. If the highest bidder fails to settle, all his rights in the real estate shall cease and be completely void and the property may be re-advertised and sold by the Marshal without further order of the Court at the risk of the defaulting bidder whose deposit shall be forfeited; and in case of a deficiency on such resale, he shall make good the same to the person thereby injured. The highest bidder shall take the real estate subject to and is to pay all current state and local taxes, water rents or charges, sewer rents or charges, and municipal claims, and any other claims, charges and liens against the property which are not divested by the Marshal's sale, and shall pay all state, local and federal transfer taxes and stamps. If Plaintiff is not the successful bidder, Plaintiff will automatically be registered as the second highest bidder at the judgment amount and may proceed to make settlement with the Marshal in the event of default by the highest bidder.

(c)     Plaintiff, United States of America or its nominee is granted right of entry at reasonable times to the subject premises for purposes of pre-sale inspection and Marshal's sale with the right to inspect the house, the books, records and accounts, all other items, things and information necessary for the inspection, advertisement and sale of the subject premises.

    (d)    Motion for Confirmation of the public sale shall be made by the Marshal or the Plaintiff to the Court 30 days after the date of sale.

4. Upon confirmation of the sale, the Marshal shall hold the proceeds of the sale after costs and expenses of the sale pending distribution pursuant of further Order of this Court.

5. Plaintiff shall be paid the amount adjudged due pursuant to the distribution of the proceeds of the sale.

6. A true copy of this Order and decree shall be delivered to the United States Marshal by the Clerk.

7. The Clerk of Court is directed to **CLOSE** this case.

8. That jurisdiction is retained over this matter for the granting of such orders and decrees as the circumstances may require.

/s/ William J. Nealon
**United States District Judge**